Honorable Analisa Torres
United States District Court Judge
November 17, 2021

Adam Hoffinger
Tel 202.331.3173
hoffingera@gtlaw.com

November 17, 2021

**B**Y **E**MAIL

Honorable Analisa Torres
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   **In Re Search Warrant dated November 3, 2021, 21-mc-00819 (AT)**

Dear Judge Torres:

**1.   Introduction**

In the early morning hours of November 4, 2021, Eric Cochran, a 28-year-old journalist, was awakened by FBI agents executing a search warrant at his private residence in Mamaroneck, New York. The FBI agents handcuffed him, served him with a search warrant that sought materials relating to an assignment that he participated in more than one year ago when he worked for Project Veritas, and thoroughly searched the premises for two-and-a-half hours, seizing multiple electronic devices and materials.

The reason for the government's intrusion remains unclear. What is clear, however, is that the government's actions on November 4, 2021 violate well-settled and time-worn constitutional protections afforded to U.S. citizens and journalists. The government's actions require the intervention of the court to review the extent of the intrusion and damage, prevent further violations, and fashion any appropriate remedies.

Accordingly, Eric Cochran joins the motion filed by Project Veritas and James O'Keefe by letter dated November 10, 2021, 21 MAG 10685, which seeks the appointment of a special master and other relief, adopts the positions therein, and adds the following:

**2.   Factual and Procedural Background**

In June 2019, Mr. Cochran obtained a position as an investigative journalist in the sources department of Project Veritas. During the course of his employment, Mr. Cochran worked on a project involving Project Veritas's temporary acquisition of a diary and other materials belonging to Ashley Biden, the daughter of the sitting U.S. president. Project Veritas ultimately decided not to run a story about the diary and turned the diary and the other items over to local law enforcement authorities in Florida in November 2020. *See* 11/10/21 Letter from P. Calli to J. Torres et al, pages 1 and 4.

Honorable Analisa Torres
United States District Court Judge
November 17, 2021

On November 4, 2021, at approximately 6:00 AM— approximately one year after the diary was turned over and months after Mr. Cochran left his position at Project Veritas—the FBI executed a search warrant at Mr. Cochran's private residence. The search warrant sought materials relating to "communications with" and "property" of Ashley Biden, alleging violations of 18 U.S.C. §§ 371 (conspiracy to transport stolen property across state lines and conspiracy to possess stolen goods), 2314 (interstate transportation of stolen property), 2315 (possession of stolen goods), 2 (aiding and abetting), 3 (accessory after the fact) and 4 (misprision of felony), offenses which purportedly occurred more than one year ago. *See* **Ex. A,** 11/3/21 Signed Search Warrant.

After FBI agents knocked on the door, announced themselves and that they had a warrant to search his residence, Mr. Cochran quickly got dressed and opened the door with a recording device in his hand. An agent removed the device from his hand; Mr. Cochran was handcuffed and detained outside for approximately 10 to 15 minutes while the FBI initially searched the premises purportedly for weapons. No weapons were recovered.

The FBI seized numerous items from Mr. Cochran's residence during its approximately two-and-a-half hour raid, including seven thumb drives, two cellphones, one computer piece with a micro SD card, seven micro SD cards, three adapters, four hard drives, one cord, one Nexus tablet, two SD storage cards, one USB, one laptop with charger, and one gaming tower. *See* **Ex. B,** 11/4/21 Search Warrant Inventory Form. Pursuant to the warrant's provision for a biometric unlock, Mr. Cochran was also directed to unlock his cellphone with his fingerprint. **Ex. A,** 11/3/21 Signed Search Warrant.

Approximately one hour after the execution of the search warrant at his residence, Mr. Cochran received a phone call and text message from Michael Schmidt, a reporter at the New York Times. Mr. Schmidt followed up later that same day with an e-mail: "I'm Mike Schmidt, a reporter with the New York Times. Can you or your lawyer call me about today's search?" Mr. Cochran did not respond.[1]

The materials seized by the FBI include Mr. Cochran's work product while engaging in journalistic activities at Project Veritas, including contact information for and communications with confidential sources. The materials also include communications with attorneys relating to Project Veritas, as well as information that has nothing whatsoever to do with the stated subject matter of the search warrant—journalistic or otherwise.

Thus, the seized materials contain items protected under the First Amendment as well as the attorney-client privilege.

---

[1] We do not know how the New York Times learned about the search of Mr. Cochran's residence. The timing of its inquiries hardly seems coincidental but strongly suggests that the New York Times was tipped off. Project Veritas and James O'Keefe have filed a motion regarding leaks to the New York Times. *See* 11/15/21 Letter from P. Calli to J. Torres et al., pages 1 through 4.

Honorable Analisa Torres
United States District Court Judge
November 17, 2021

**3.      Argument**

The protections afforded to journalists in connection with their newsgathering activities is well-settled. The Attorney General himself has recognized the importance of reporters' shield laws and has stated, "I will personally support working with Congress to develop legislation that would make protection for obtaining the press' records part of the legislation." *See* Josh Gerstein, *Garland Backs Legislation to End Subpoenas for Reporters' Records*, POLITICO (June 25, 2021) *available at* https://www.politico.com/news/2021/06/25/garland-reporters-records-subpoenas-496291; *see also* Alexandra Jaffe, *Biden won't allow Justice Dept. to seize reporters' records*, May 21, 2021, *available at* https://apnews.com/article/arts-and-entertainment-government-and-politics-27a0ab87662217be1989a2d5a7465610 (President Biden calling the practice of seizing journalists' phone records and e-mails "simply, simply wrong"). Although this is precisely the kind of case requiring the protections envisioned by the Attorney General's comments, the execution of the search warrant and seizure of materials from Mr. Cochran's private residence fly in the face of his stated commitment to a free press. The Government's actions in this case imperil Mr. Cochran's indisputable right to the protections of the First Amendment.

The protections under the attorney-client privilege are also sacrosanct. *See, e.g., Pritchard v. County of Erie (In re County of Erie)*, 546 F.3d 222, 228 (2d Cir. 2008) (stating that the attorney-client privilege is one of the 'oldest recognized privileges for confidential communications') (quoting *Swidler & Berlin v. United States*, 524 U.S. 399, 403 (1998)); *John Doe, Inc v. United States (In re John Doe, Inc.)*, 13 F.3d 633, 635-36 (2d Cir. 1994) (emphasizing that the purpose of the attorney-client privilege is to promote open communication between attorneys and their clients so that fully informed legal advice may be given). The seized materials include communications between Mr. Cochran and various attorneys related to Project Veritas and his work as a journalist. *See* 11/10/21 Letter from P. Calli to J. Torres et al., pages 10 through 12.

At this stage, the appointment of an independent special master is warranted. This matter implicates the same type of sensitive, politically-charged allegations found in similar cases in which courts in the Southern District of New York have appointed a special master. *See, e.g., In re Search Warrants Executed on April 28, 2021*, 21-MC-425 (JPO), 2021 WL 2188150, at *4 (S.D.N.Y. May 28, 2021) (granting the government's motion to appoint special master in case involving Rudolph Giuliani); *In re the Matter of Search Warrants Executed on April 9, 2018*, No. 18 MJ 3161 (S.D.N.Y. Apr. 27, 2018) (appointing special master in case involving former President Trump's lawyer Michael Cohen). The appointment of a filter team—made up of attorneys from the same Justice Department that initiated the search—is inadequate because this Justice Department cannot be perceived as sufficiently independent from the subject matter of the search warrant (e.g., communications with, and property belonging to, the president's daughter Ashley Biden). *See* 11/10/21 Letter from P. Calli to J. Torres et al., pages 12 through 15; *see also* **Ex. A** at 3. Appointing a special master will ensure, at the very least, that the "perception of fairness" is maintained throughout the proceedings. *In re Search Warrants Executed on April 28, 2021* at *4.

Honorable Analisa Torres
United States District Court Judge
November 17, 2021

**4.    Conclusion**

Because the search and seizure of Mr. Cochran's residence involves sensitive and protected materials such as confidential source communications, other journalistic materials, and attorney-client communications, the need for a special master in this case is abundantly clear.

For the reasons set forth herein and in the motion filed by Project Veritas and James O'Keefe by letter dated November 10, 2021, this Court should appoint a special master and order the relief requested.

Respectfully submitted,

*/s/ Adam Hoffinger*
Adam Hoffinger
GREENBERG TRAURIG LLP
2101 L Street N.W., Suite 1000
Washington, DC 20037
Telephone: (202) 331-3173
Email: hoffingera@gtlaw.com

***Attorney for Eric Cochran***

cc:   AUSA Robert Sobelman (via ECF)
      AUSA Jacqueline Kelly (via ECF)
      AUSA Mitzi Steiner (via ECF)