

Adam Hoffinger
Tel 202.331.3173
hoffingera@gtlaw.com

November 23, 2021

<u>B<small>Y</small> E<small>MAIL</small></u>

Honorable Analisa Torres
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>In Re Search Warrant dated November 3, 2021, 21-mc-00819 (AT)</u>

Dear Judge Torres:

      Eric Cochran respectfully submits the following as a reply to the Government's Memorandum of Law in Opposition to Motions for Appointment of a Special Master ("Government Memorandum").

      The Government's principal argument is that Mr. Cochran is not entitled to the protection of the First Amendment because the affidavits submitted in support of the search warrant establish probable cause to believe that Mr. Cochran was actively involved in the allegedly unlawful conduct identified in the search warrant and under investigation. *See* Government Memorandum at page 4. The Government contends that any journalistic privilege that might apply to the information sought by the search warrants "is readily overcome by the showing made in support of the search warrants." *Id.* at page 8. In order to evaluate and rebut the government's argument, Mr. Cochran must be provided access to the affidavits and any other materials presently under seal upon which the Government relies in denying him First Amendment protections.

      The Government should not be permitted to rely on the contents of the affidavits and search warrant materials in this action but refuse to disclose those materials to Mr. Cochran. If it wants to deprive Mr. Cochran of First Amendment protections, it must, at the very least, disclose to him the materials on which it bases its position. If not, the Court should reject the Government's argument outright. Accordingly, we respectfully request that the Court order the Government to produce to Mr. Cochran any and all materials submitted by the Government in support of its search warrant and that demonstrate what the Government contends is probable cause to believe that Mr. Cochran was involved in any unlawful conduct.[1]

---

[1] By letter-motion dated November 19, 2021, Project Veritas moved for production of all affidavits submitted by the Government in support of the search warrant obtained for the search of James O'Keefe's home. Mr. Cochran joins that motion. *See* 11/19/21 Letter from P. Calli to J. Torres et al., page 1. Additionally, the Government's offer to provide these materials on an *ex parte* basis is not sufficient to

      Regardless of what the sealed search warrant materials may reveal, it is unlikely that they contain any evidence to establish probable cause to believe that Mr. Cochran was involved in the actual theft of the diary itself. The Privacy Protection Act ("PPA") provides that "it shall be unlawful for a government officer or employee, in connection with the investigation or prosecution of a criminal offense, to search for or seize any work product materials possessed by a person reasonably believed to have a purpose to disseminate to the public" various forms of public communication such as newspapers, books, or broadcasts. 42 U.S.C. § 2000aa(a). Although the PPA does provide an exception to its prohibition against using a search warrant to obtain newsgathering materials, that exception does not apply if "the offense to which the materials relate consists of the <u>receipt, possession, communication, or withholding</u> of such materials or the information contained therein." 42 U.S.C. § 2000aa(a)(1) (emphasis added). Without disclosure of the sealed materials, it is impossible to determine whether or not the suspect exception applies here.

      28 C.F.R. § 50.10 is similarly of little assistance to the Government. It adopts the suspect exception to the PPA, but also requires the Attorney General to take a number of considerations into account before determining whether to authorize a search warrant. 28 C.F.R. § 50.10(c)(5) & (d)(3). Beyond a blanket statement that it has complied with all applicable regulations and policies, the Government has offered no evidence of specific compliance. *See* Government Memorandum at page 2, footnote 2. For example, the Government has made no showing that there are "reasonable grounds to believe, based on public information, or information from non-media sources, that a crime has occurred, and that the information sought is essential to a successful investigation or prosecution." 28 C.F.R. § 50.10(c)(5)(ii)(A). The Government has made no showing that it made "all reasonable attempts to obtain the information from alternative sources." 28 C.F.R. § 50.10(c)(5)(iii). And the Government has made no showing that it "pursued negotiations with the affected member of the news media" or that the Attorney General has determined for compelling reasons "such negotiations would pose a clear and substantial threat to the integrity of the investigation, risk grave harm to national security, or present an imminent risk of death or serious bodily harm." 28 C.F.R. § 50.10(c)(5)(iv)(A).

      The issue before the Court at this juncture is whether an appointment of a special master, utilized in the Southern District of New York in similar cases, is appropriate under the circumstances of this case. Considering the subject matter of the investigation—the alleged theft of property from the daughter of the sitting U.S. president in charge of the Justice Department of which the U.S. Attorney's Office for the Southern District of New York and the Federal Bureau of Investigation that executed the search warrants are a part—the use of a "filter team" made up of lawyers who work for the father of the purported victim might appear unseemly. In such a case, the appearance of fairness would be better served if a more independent authority were put in charge of the review process. Here, the appointment of a special master would protect all parties.

---

enable Mr. Cochran to address the Government's claims of probable cause. Government Memorandum at page 4. To further protect "the Government's ongoing grand jury investigation and the privacy interests of the Movants," Mr. Cochran is prepared to maintain the confidentiality of any materials provided to him subject to this Court's order. *Id.* at page 4, footnote 3.

Accordingly, for the reasons set forth herein and in the prior motions filed by petitioners in this matter, this Court should appoint a special master and order the relief requested.

Respectfully submitted,

*/s/ Adam Hoffinger*
Adam Hoffinger
GREENBERG TRAURIG LLP
2101 L Street N.W., Suite 1000
Washington, DC 20037
Telephone: (202) 331-3173
Email: hoffingera@gtlaw.com

**Attorney for Eric Cochran**

cc:   AUSA Robert Sobelman (via ECF)
      AUSA Jacqueline Kelly (via ECF)
      AUSA Mitzi Steiner (via ECF)